UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARDO GONZALEZ,

    Petitioner,

v.                                             Case No. 8:08-cv-815-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Gonzalez petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for attempted burglary, for which conviction Gonzalez serves five years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 5) The respondent offers no challenge to the petition's timeliness.

## FACTS[*]

On March 15, 2005, Efrain Castro and Brandi Ward were inside their bedroom with their child. Castro went into the kitchen to retrieve a baby bottle when he observed Gonzalez, whom he knew, attempting to open a window to enter the home. Gonzalez fled when Castro yelled at him.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998),

---

[*] This summary of the facts derives from the opening statements of the trial. (Respondent's Exhibit 3 at 9-11)

cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The purpose of federal review is not to re-try the state case.  "The Anti-Terrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).  In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

- 2 -

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694. See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."). Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

Gonzalez withdrew his direct appeal (Respondent's Exhibit 5) and filed a motion to mitigate sentence pursuant to Rule 3.800(c) (Respondent's Exhibit 6), which was denied. (Respondent's Exhibit 4, Appendix D) Gonzalez filed a Rule 3.850 motion to vacate (Respondent's Exhibit 4), which was denied. (Respondent's Exhibit 4, Appendix E) The state appellate court affirmed the denial in a per curiam decision without a written opinion. (Respondent's Exhibit 7) The state appellate court's per curiam affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Gonzalez bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a

mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  The state court's rejection of Gonzalez's post-conviction claim warrants deference in this case.  (Respondent's Exhibit 4, Appendix E)

### INEFFECTIVE ASSISTANCE OF COUNSEL

Gonzalez's petition asserts a single claim of ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is

- 4 -

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  466 U.S. at 690.

Gonzalez must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  466 U.S. at 691-92.  To meet this burden, Gonzalez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690-91.  Gonzalez cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial . . . .   We are not

> interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Gonzalez must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A federal habeas corpus case authorizes no independent determination of the reasonableness of counsel's actions but authorizes only a determination "whether the state habeas court was objectively reasonable in its Strickland inquiry."  Putnam v. Head, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).  Because of the presumption of correctness and the highly deferential standard of review, the analysis of Gonzalez's claim must start with the state court's analysis.

The petition's only ground alleges ineffective assistance of counsel at sentencing.  Because he admitted to having two prior felony convictions and three prior misdemeanor convictions, Gonzalez was sentenced to the maximum sentence of five years.  Gonzalez

complains that counsel failed to present mitigating evidence that might have reduced the sentence. Gonzalez presented the mitigating evidence in both a Rule 3.800(c) motion to modify or mitigate sentence and a Rule 3.850 motion to vacate, which was rejected as follows (Respondent's Exhibit 4, Appendix E):

> In his Motion the Defendant presents one claim of ineffective assistance of counsel. Defendant asserts his defense counsel was ineffective for failing "to present substantial available mitigating evidence at sentencing." The Defendant explains that his complaint concerning defense counsel is that counsel failed to present evidence, during the sentencing phase of his trial, that he suffers from a mental illness and had been accepted into the Florida Center for Dual Diagnosis.
>
> As the Defendant points out in his Motion, although defense counsel failed to present the fact of the Defendant's mental illness and acceptance into the Florida Center for Dual Diagnosis, defense counsel filed a timely Motion to Mitigate or Modify Sentence pursuant to Section 3.800(c), Fla. R. Crim. P. In the motion counsel moved the Court to reduce its sentence citing counsel's failure to argue this precise fact at the time of sentencing. The same Court that sentenced the Defendant denied counsel's motion. Conceding for the sake of argument that counsel may have been ineffective for not raising the Defendant's mental illness and acceptance into the Florida Center for Dual Diagnosis during the sentencing phase of his trial, the Court cannot find that had such failure not occurred the result at Defendant's sentencing would have been different. (See Strickland v. Washington, 466 U.S. 668 (1984).) Since counsel presented the same argument to the same court in her Motion to Mitigate or Modify Sentence, this Court finds that there is not a reasonable probability that had counsel made the same argument at Defendant's sentencing hearing the result would have been different.

Because the state court correctly recognized that Strickland governs each claim of ineffective assistance of counsel, Gonzalez cannot meet the "contrary to" test in Section 2254(d)(1). Gonzalez instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

Strickland requires proof of both deficient performance and prejudice. The state court rejected Gonzalez's claim based on no proof of prejudice. The same judge who

- 7 -

imposed sentence later considered the evidence Gonzalez contends that counsel should have presented at sentencing and determined that the evidence warranted no reduction in sentence. Because Gonzalez cannot show prejudice, the state court's ruling was not an unreasonable application of Strickland.

Accordingly, Gonzalez's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Gonzalez and close this case.

ORDERED in Tampa, Florida, on November 19, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE